1  Shannon S. Broome (SBN 150119)
   HUNTON ANDREWS KURTH LLP
2  50 California Street, Suite 1700
   San Francisco, California 94111
3  Tel.: (415) 975-3700
   Fax.: (415) 975-3701
4  SBroome@HuntonAK.com
5
   James E. Rosini (to apply *pro hac vice*)
6  Jonathan W. Thomas (to apply *pro hac vice*)
   HUNTON ANDREWS KURTH LLP
7  One Broadway
   New York, New York 10004
8  Tel.: (212) 908-6169
   Fax.: (212) 425-5288
9  JRosini@HuntonAK.com
   JThomas@HuntonAK.com
10
11 Counsel for Plaintiffs Ren Ventures Ltd.
   and Sabacc Creative Industries Ltd.
12

13                  **UNITED STATES DISTRICT COURT**
   **NORTHERN DISTRICT OF CALIFORNIA, SAN FRANCISCO DIVISION**
14

15 Ren Ventures Ltd., and Sabacc Creative    Case No.: 3:18-cv-02417
   Industries Ltd.,
16                                            **AMENDED COMPLAINT FOR:**
                                              **(1) FEDERAL TRADEMARK**
17                  *Plaintiffs*,             **INFRINGEMENT UNDER 15 U.S.C.**
       v.                                     **§ 1114; (2) FEDERAL TRADEMARK**
18                                            **INFRINGEMENT UNDER 15 U.S.C.**
   Lucasfilm Ltd. LLC; Lucasfilm Entertainment **§ 1125(A); (3) FEDERAL UNFAIR**
19 Company Ltd. LLC; Denny's, Inc.; EP & Co.; **COMPETITION  UNDER 15 U.S.C.**
   and Collider.                              **§ 1125(A); (4) TRADEMARK**
20                                            **INFRINGEMENT UNDER CALIFORNIA**
                   *Defendants*.              **COMMON LAW: (5) UNFAIR**
21                                            **COMPETITION UNDER CALIFORNIA**
                                              **COMMON LAW; AND (VI) UNFAIR**
22                                            **COMPETITION UNDER CAL. BUS. &**
                                              **PROF. CODE § 17200 ET SEQ.**
23
24                                            **Jury Trial Demanded**
25

26
           Plaintiffs, Ren Ventures Ltd. ("RV"), and Sabacc Creative Industries, Ltd. ("SCI")
27
   (collectively, "Plaintiffs" unless indicated otherwise), by and through their undersigned counsel,
28

as and for their Amended Complaint[1] against Defendants, (i) Lucasfilm Ltd. LLC; (ii) Lucasfilm Entertainment Company Ltd. LLC (the foregoing Defendants referred to hereinafter collectively as the "Lucasfilm Defendants" unless indicated otherwise); (iii) Denny's, Inc.; (iv) EP & Co.; and (v) Collider (collectively, "Defendants" unless indicated otherwise), allege as follows:

## PRELIMINARY STATEMENT

1.      Defendants' unauthorized uses of the term "Sabacc" to refer to a playing-card game in a nationwide advertising campaign for an upcoming film is likely to cause consumer confusion as to the source and/or origin of Plaintiffs' pre-existing playing-card game.

2.      RV is the owner/registrant of U.S. Trademark Registration No. 5,025,710 (the "'710 Registration"), which covers the mark "SABACC" for numerous entertainment-related goods and services, including games (the "SABACC Mark").

3.      Under an exclusive license from RV, SCI has been marketing and selling a video playing-card game in the United States under the SABACC Mark for the past two years.

4.      With knowledge of RV's sole and exclusive rights in and to the SABACC Mark, as well as SCI's pre-existing SABACC brand video playing-card game, Defendants are using the term "Sabacc" to refer to a playing-card game in connection with a widespread, nationwide marketing and promotional campaign for the upcoming film *Solo: A Star Wars Story*.

5.      Consequently, consumers are now likely to mistakenly believe that Defendants are the source of, sponsor, and/or endorse goods and/or services offered under RV's SABACC Mark and/or SCI's pre-existing SABACC brand video playing-card game.

6.      Alternatively, consumers are now likely to mistakenly believe that Plaintiffs are trading off Defendants' aforementioned uses of the term "Sabacc" to market and promote SCI's pre-existing SABACC brand video playing-card game.

7.      Based on the foregoing, Plaintiffs bring this action against Defendants for: (i) federal trademark infringement in violation of 15 U.S.C. § 1114; (ii) federal trademark infringement in violation of 15 U.S.C. § 1125(a); (iii) federal unfair competition in violation of 15 U.S.C. § 1125(a); (iv) trademark infringement in violation of the common law of the State of

---

[1] Pursuant to Local Civil Rule 10-1, Plaintiffs attach hereto as **Exhibit H** a true and correct copy of the original Complaint in this lawsuit.  *See also* ECF No. 1.

*Ren Ventures Ltd., et al*. v. Lucasfilm  Ltd. LLC, *et al*.: Amended Complaint

California; (v) unfair competition in violation of the common law of the State of California; and (vi) unfair competition in violation of CAL. BUS. & PROF. CODE. § 17200 *et seq*.

**THE PARTIES**

8. Plaintiff RV is a private limited company organized and existing under the laws of the United Kingdom.

9. Plaintiff SCI is a private limited company organized and existing under the laws of the United Kingdom.

10. Defendant Lucasfilm Ltd. LLC is a California limited liability company with a principal place of business at One Letterman Drive, Building B, San Francisco, California 94129.

11. Defendant Lucasfilm Entertainment Company Ltd. LLC is a California limited liability company with a principal place of business at One Letterman Drive, Building B, San Francisco, California 94129.

12. Defendant Denny's, Inc. is a Florida corporation with a principal place of business at 203 East Main Street, Spartansburg, South Carolina 29319.

13. Defendant EP & Co. is a South Carolina corporation with a principal place of business at 110 East Court Street, Number 400, Greenville, South Carolina 29601.

14. On information and belief, Defendant Collider is a California corporation with a principal place of business at 1271 Avenue of the Americas, New York, New York 10020.

**JURISDICTION AND VENUE**

15. Both claims for federal trademark infringement, and the claim for unfair competition, respectively, asserted in Counts I-III, *infra*, arise under the Trademark Act of 1946 (as amended), namely, 15 U.S.C. §§ 1051 *et seq*. Therefore, this Court has subject matter and original jurisdiction over Counts I-III pursuant to 15 U.S.C. § 1121 and 28 U.S.C. §§ 1331 and 1338(a), respectively.

16. The claims for trademark infringement, and unfair competition, respectively, asserted in Counts IV-V, *infra*, arise under the common law and the statutory law of the State of California, and are so related to the federal claims asserted in Counts I-III, *infra*, that they form

part of the same case or controversy.  Therefore, this Court has subject matter jurisdiction over Counts IV-V pursuant to 28 U.S.C. §§ 1338(b) and 1367(a), respectively.

17.     This Court has personal jurisdiction over Defendant Lucasfilm Ltd. LLC because such Defendant is a California limited liability company, has a principal place of business in the State of California, and does business in the State of California on a regular, continuous, and systematic basis.

18.     This Court has personal jurisdiction over Defendant Lucasfilm Entertainment Company Ltd. LLC because such Defendant is a California limited liability company, has a principal place of business in the State of California, and does business in the State of California on a regular, continuous, and systematic basis.

19.     This court has personal jurisdiction over Defendant Denny's, Inc. because such Defendant is registered with the California Secretary of State; such Defendant has designated an agent for service of process in the State of California; and, on information and belief, such Defendant owns and operates Denny's restaurants throughout the State of California (including in this judicial district) from which it does business on a regular, continuous, and systematic basis.

20.     Alternatively, this Court has personal jurisdiction over Defendant Denny's, Inc. because, as discussed *infra*, such Defendant partnered with the Lucasfilm Defendants, both of whom are California limited liability companies with principal places of business in this judicial district, to produce and distribute the "Hand of Sabacc" commercial, and Plaintiffs' claims arise out of and relate to such commercial.

21.     This Court has personal jurisdiction over Defendant EP & Co. because, as discussed *infra*, such Defendant created the "Hand of Sabacc" commercial for the Lucasfilm Defendants, both of whom are California limited liability companies with principal places of business in this judicial district, and Plaintiffs' claims arise out of and relate to such commercial.

22.     This court has personal jurisdiction over Defendant Collider because, on information and belief, Collider is a California corporation, and does business in the State of California on a regular, continuous, and systematic basis.

23.     Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(2) because Defendants' wrongful acts and conduct, as discussed *infra*, occurred in substantial part in this judicial district.

24.     Alternatively, venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(3) because, as discussed *supra*, Defendants are subject to personal jurisdiction in this judicial district.

## FACTS COMMON TO ALL CLAIMS FOR RELIEF

### A. Plaintiffs, Plaintiffs' Pre-Existing SABACC Mark, and SCI's Pre-Existing SABACC Brand Video Playing-Card Game

25.     In or about October 2015, Plaintiffs' principal, Mr. Ime Ekong, was working on creating a social card game application that was a mix of the playing-card games Poker and Blackjack.

26.     In the course of creating this social card game application, Mr. Ekong conducted extensive searches of Internet forums and chatrooms to identify the names of games that appeared to include elements of poker and/or blackjack, whether in their gameplay, betting or scoring systems, but that were not already commercially available.

27.     These searches revealed five such names, namely: (i) Pojack; (ii) 727; (iii) 727 poker; (iv) Home Card; and (v) Sabacc.

28.     Mr. Ekong discovered that Pojack had previously been registered as a trademark.

29.     Mr. Ekong also believed that Pojack--a simple combination of "Poker" and "Blackjack"--was descriptive and unappealing.

30.     Based on the foregoing, Mr. Ekong rejected Pojack as a possible name of Defendants' social card game application.

31.     Mr. Ekong discovered that 727 had previously been registered as a trademark for numerous goods and services.

32.     Mr. Ekong also did not believe that "727 poker" would be a strong brand name given that it consisted predominantly of numbers.

33.     Based on the foregoing, Mr. Ekong rejected 727 and 727 poker as possible names for Defendants' social card game application.

34.     "Home Card" did not project the right image that Mr. Ekong was looking to project with Defendants' social card game application.

35.     Unlike Pojack and 727, Mr. Ekong discovered that "Sabacc" had never been registered as a trademark.  Thus, Mr. Ekong reasonably believed that "Sabacc" was available to use as the name of Defendants' social card game application.

36.     Mr. Ekong's searches also revealed that "Sabacc" contained elements of Poker and Blackjack.

37.     Based on the foregoing, Mr. Ekong selected "Sabacc" as the name of Defendants' social card game application.

38.     Shortly thereafter, on November 20, 2015, Plaintiff RV filed U.S. Trademark Application Serial No. 86/827,417 with the United States Patent and Trademark office (the "PTO") (the "'417 Application").  *See* **Exhibit A**.

39.     In the '417 Application, Plaintiff RV sought to register the SABACC Mark in:

"International Class 9 for Computer game software; computer game entertainment software; video game software; downloadable electronic game software for use on mobile phones, tablets and other electronic mobile devices; interactive multimedia computer game software; games software for use on mobile phones, tablets and other electronic mobile devices; downloadable computer software for mobile phones, tablets and other electronic mobile devices; computer application software featuring video and computer games; computer application software for mobile phones, portable media players, tablets, handheld computers and other electronic mobile devices, namely, software for video and computer games; games cartridges for use with electronic games apparatus; video recordings featuring computer games; downloadable image files containing photographic images and artwork, and text in the field of video and computer games; downloadable music files; downloadable ring tones for mobile phones; accessories for telephones, mobile telephones, smart phones and tablet computers, namely, hands free kits, covers, cases, battery chargers, and earphones; bags and cases for mobile telephones and telephone equipment; parts and fittings for the aforesaid goods," and in

International Class 41 for Entertainment services, namely, providing on-line computer games; entertainment in the nature of computer games, namely, providing temporary use of non-downloadable computer games; entertainment services, namely, providing non-downloadable computer games online;

Ren Ventures Ltd., *et al*. v. Lucasfilm  Ltd. LLC, *et al*.: Amended Complaint

entertainment services, namely, providing temporary use of non-downloadable interactive games; entertainment services, namely, providing temporary use of non-downloadable electronic games; entertainment services, namely, providing a website featuring games and puzzles; entertainment services, namely, providing online video games; entertainment services, namely, providing electronic games, including provision of computer games online, on social networks, or by means of a global computer network; entertainment services, namely, providing electronic games for use on mobile phones, tablets and other electronic mobile devices; entertainment services, namely, providing temporary use of non-downloadable single and multi-player electronic interactive games via the internet, electronic communication networks and via a global computer network; organising sporting and cultural activities, namely, conducting tournaments, contests and competitions in the field of computer games; multimedia publishing of software, namely, publishing of computer game software, electronic games and video game software; information, advisory and consultancy services related to the aforesaid services, all of the aforesaid services also being provided online from a computer database or the Internet."

*See* Exh. A.

40.     The PTO published the '417 Application for opposition on June 7, 2016.  *See* **Exhibit B**.

41.     The PTO would not have published the '417 Application for opposition if the PTO believed that the SABACC Mark in the '417 Application violated the trademark rights of any third party.

42.     Beginning on June 7, 2016, and continuing for 30 days thereafter, any third party in the world who believed they would be damaged by the registration of the SABACC Mark in the '417 Application could oppose the registration thereof.  *See* Exh. B.

43.     No third party opposed the registration of the SABACC Mark in the '417 Application.

44.     The Lucasfilm Defendants did not oppose the registration of the SABACC Mark in the '417 Application.

45.     Defendant Denny's did not oppose the registration of the SABACC Mark in the '417 Application.

46.     Defendant EP & Co. did not oppose the registration of the SABACC Mark in the '417 Application.

1

2    47.    Defendant Collider did not oppose the registration of the SABACC Mark in the

3    '417 Application.

4    48.    On August 23, 2016, the '417 Application matured into the '710 Registration.  *See*

5    **Exhibit C**.

6    49.    The '710 Registration is on the Principal Trademark Register.  *See* Exh. C.

7    50.    The '710 Registration is *prima facie* evidence of the validity of the SABACC

8    Mark.

9    51.    The '710 Registration is *prima facie* evidence of the validity of the registration of

10   the SABACC Mark.

11   52.    The '710 Registration is *prima facie* evidence of the validity of RV's ownership of

12   the SABACC Mark.

13   53.    The '710 Registration is *prima facie* evidence of the validity of RV's exclusive

14   right to use the SABACC Mark in United States commerce on and in connection with the goods

15   and services recited in the '710 Registration, which includes entertainment-related goods and

16   services, including games.  *See* Exh. C.

17   54.    The '710 Registration is valid, subsisting, and in full force and effect.

18   55.    Plaintiff SCI is the exclusive licensee of the SABACC Mark.

19   56.    Plaintiff SCI is the only third party to whom Plaintiff RV has licensed the

20   SABACC Mark.

21   57.    Under Plaintiff SCI's exclusive license from Plaintiff RV, Plaintiff SCI markets,

22   promotes, and sells the video playing-card game shown *infra* under the SABACC Mark:

23



24

25

26

27

28

58.     Plaintiff SCI's SABACC brand video playing-card game is a fast-paced card game, wherein players attempt to win the chips in the hand and the Sabacc pot, respectively, by acquiring the hand closest to the number 23 or minus 23.

59.     Plaintiff SCI's SABACC brand video playing-card game is available for purchase and downloading in Apple's App Store, Amazon's App Marketplace, and Google's Play Store.

60.     Plaintiff SCI's SABACC brand video playing-card game is also available via Facebook's "Games" feature.

61.     The SABACC Mark is inherently distinctive for the goods and services recited in the '710 Registration, as well as Plaintiff SCI's SABACC brand video playing-card game.

62.     Plaintiffs' SABACC Mark has acquired distinctiveness.

63.     Plaintiffs expend substantial resources on advertising, marketing, and promoting goods and services under the SABACC Mark, including, without limitation, Plaintiff SCI's SABACC brand video playing-card game.

64.     Plaintiff SCI's SABACC brand video playing-card game has also been the subject of unsolicited media coverage, as well as numerous consumer reviews.

65.     The SABACC Mark functions as a strong source identifier in the marketplace for goods and services offered under the SABACC Mark, including Plaintiff SCI's SABACC brand video playing-card game.

66.     The SABACC Mark is a valuable asset of Plaintiffs.

**B.  Defendants' Unlawful Conduct**

67.     As stated above, Plaintiff RV's '710 Registration covers the SABACC Mark for entertained-related goods and services, including games.

68.     As stated above, under an exclusive license from Plaintiff RV, Plaintiff SCI has been marketing and promoting a video playing-card game in United States commerce for the past two years under the SABACC Mark.

69.     The foregoing notwithstanding, Defendants are engaging in an orchestrated, nationwide marketing and promotional campaign for the upcoming film *Solo: A Star Wars Story* (the "*Solo* Film"), wherein Defendants use the term "Sabacc" to refer to a playing-card game.

Ren Ventures Ltd., *et al*. v. Lucasfilm  Ltd. LLC, *et al*.: Amended Complaint

70.     The Lucasfilm Defendants are the producers of the upcoming *Solo* Film.

71.     Donald Glover is a multi-hyphenate who, among other things, is a well-known producer, writer, musical recording artist (under the name "Childish Gambino"), and actor.

72.     Mr. Glover plays the role of Lando Calrissian in the upcoming *Solo* Film.

73.     While promoting the upcoming *Solo* Film on behalf of the Lucasfilm Defendants, Mr. Glover stated: "Yeah, we are playing a game of sabacc.  A lot of it, you know?  *See* **Exhibit D**.

74.     Mr. Glover's use of the term "Sabacc" to promote the upcoming *Solo* Film has received widespread, nationwide media coverage.

75.     Ron Howard is the Director of the *Solo* Film.

76.      While promoting the upcoming *Solo* Film on behalf of the Lucasfilm Defendants, Mr. Howard stated to his more than 2.5 million Twitter "followers" that he was "saving [them] a seat at the Sabacc table":



77.     As shown in paragraph 76 above, Mr. Howard also used the "hashtag" "straightsabacc."

78.     The Lucasfilm Defendants also partnered with Defendant Denny's to market and promote the upcoming *Solo* Film.

79.     Defendant Denny's owns and operates a nationwide chain of diner-style, fast-food restaurants.

80.     The Lucasfilm Defendants' partnership with Defendant Denny's includes a *Solo* Film-themed menu at Defendant Denny's restaurants, as well as collectible *Solo* Film cups and trading cards.

81.     The Lucasfilm Defendants' partnership with Defendant Denny's also includes a commercial titled *Hand of Sabacc*:



(the "Hand of Sabacc Commercial")

82.     Defendant EP created the Hand of Sabacc Commercial for the Lucasfilm Defendants and Defendant Denny's.  *See* **Exhibit E**.

83.     Defendant Collider owns and operates the entertainment-focused website, www.collider.com.

84.     Defendant Collider exclusively debuted the Hand of Sabacc Commercial on its website and YouTube on or about April 2, 2018:

1

2

3

4

5

6

7

8

9

10

11

12

13



14

*See also* **Exhibit F**.

15      85.      The Hand of Sabacc Commercial was broadcast, and continues to be broadcast,

16  throughout the United States.

17      86.      The Hand of Sabacc Commercial was, and continues to be, marketed, promoted,

18  and widely viewed on social media platforms, such as Twitter, Instagram, Facebook, as well as on

19  the popular video-sharing and posting platform YouTube.

20      87.      The Hand of Sabacc Commercial has received widespread, nationwide media

21  coverage.

22      88.      The widespread, nationwide coverage of the Hand of Sabacc Commercial refers to

23  Defendants.  *See, e.g.* Exh. D; *see also* **Exhibit G**.

24      89.       Plaintiff RV has not authorized any of the Defendants to use the term "Sabacc"

25  for any purpose.

26

27

28

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**CLAIMS FOR RELIEF**

**COUNT I**

*(Federal Trademark Infringement in Violation of 15 U.S.C. § 1114)*

90.     Plaintiffs repeat and re-allege the allegations in paragraphs 1-89 as though set forth fully herein.

91.     Count I is for federal trademark infringement in violation of 15 U.S.C. § 1114.

92.     Plaintiff RV is the sole and exclusive owner of the '710 Registration for the SABACC Mark.

93.     For two years prior to Defendants' aforementioned marketing and promotional activities for the upcoming *Solo* Film (including, without limitation, the Hand of Sabacc Commercial), Plaintiff SCI has been using the SABACC Mark in United States commerce under an exclusive license from Plaintiff RV to market, promote, and sell Plaintiff SCI's SABACC brand video playing-card game.

94.     The SABACC Mark is inherently distinctive for the goods and services recited in the '710 Registration, and Plaintiff SCI's SABACC brand video playing-card game.

95.     The SABACC Mark has acquired distinctiveness for the goods and services recited in the '710 Registration, and Plaintiff SCI's SABACC brand video playing-card game.

96.     Defendants are using the term "Sabacc" in their aforementioned nationwide advertising and marketing campaign for the upcoming *Solo* Film to refer to a playing-card game.

97.     Mr. Glover uses the term "Sabacc" in connection with a playing-card game when promoting the upcoming *Solo* Film.

98.     Mr. Howard uses the term "Sabacc" in connection with a playing-card game when promoting the upcoming *Solo* Film.

99.     Defendants' Hand of Sabacc Commercial depicts a playing-card scene.

100.    Defendants' Hand of Sabacc Commercial has received widespread and nationwide media coverage, which refers to Defendants.

Ren Ventures Ltd., *et al*. v. Lucasfilm  Ltd. LLC, *et al*.: Amended Complaint

101.     Defendants' Hand of Sabacc Commercial was marketed, promoted, and widely viewed on social media platforms, such as Twitter, Instagram, Facebook, as well as on the popular video-sharing and posting platform YouTube.

102.     Defendant Denny's partnership with the Lucasfilm Defendants includes marketing and selling *Solo* Film-themed playing cards at Denny's restaurants throughout the United States.

103.     Based on widespread consumer exposure to Defendants' aforementioned uses of the term "Sabacc" to refer to a playing-card game (including, without limitation, Defendants' Hand of Sabacc Commercial), when consumers encounter Plaintiff SCI's pre-existing SABACC brand video playing-card game in the marketplace, they are likely to mistakenly believe that Defendants are the source of, and/or sponsor or endorse, Plaintiff SCI's SABACC brand video playing-card game, and/or that Defendants, the upcoming *Solo* Film, and/or Defendants' Hand of Sabacc Commercial is/are otherwise associated or connected with Plaintiffs, Plaintiff RV's SABACC Mark, and/or Plaintiff SCI's pre-existing SABACC brand video playing-card game.

104.     Based on widespread consumer exposure to Defendants' aforementioned uses of the term "Sabacc" to refer to a playing-card game (including, without limitation, Defendants' Hand of Sabacc Commercial), when consumers encounter Plaintiff SCI's pre-existing SABACC brand video playing-card game in the marketplace, they are likely to mistakenly believe that Plaintiff SCI and/or Plaintiff RV is/are trading off Defendants' aforemtioned uses of the term "Sabacc" (including, without limitation, Defendants' Hand of Sabacc Commercial) to market and promote Plaintiff SCI's pre-existing SABACC brand video playing-card game.

105.     Based on widespread consumer exposure to Plaintiff SCI's pre-existing SABACC brand video playing-card game, when consumers encounter Defendants' aforementioned uses of the term "Sabacc" in Defendants' nationwide marketing and promotional campaign for the upcoming *Solo* Film (including, without limitation, Defendants' Hand of Sabacc Commercial), consumers are likely to mistakenly believe that Plaintiff SCI and/or Plaintiff RV is/are the source of, and/or sponsors or endorses, the upcoming *Solo* Film and/or Defendants' Hand of Sabacc Commercial, and/or that Plaintiffs, Plaintiff RV's SABACC Mark, and/or

Ren Ventures Ltd., *et al*. v. Lucasfilm  Ltd. LLC, *et al*.: Amended Complaint

Plaintiff SCI's pre-existing SABACC brand video playing-card game is/are otherwise associated with or connected to Defendants, the upcoming *Solo* Film, and/or Defendants' Hand of Sabacc Commercial.

106.    Plaintiff RV did not authorize or consent to any Defendant using the term "Sabacc" for any purpose.

107.    Plaintiff RV's '710 Registration placed each Defendant on constructive notice of Plaintiff RV's sole and exclusive rights in and to the SABACC Mark for, among other things, entertainment-related goods and services in the nature of games.

108.    Upon information and belief, Defendants decided to use, and continue using, the term "Sabacc" in their aforementioned nationwide advertising and marketing campaign for the upcoming *Solo* Film (including, without limitation, the Hand of Sabacc Commercial) with actual knowledge of Plaintiff RV's '710 Registration for the SABACC Mark.

109.    Upon information and belief, Defendants decided to use, and continue using, the term "Sabacc" in their aforementioned nationwide advertising and marketing campaign for the upcoming *Solo* Film (including, without limitation, the Hand of Sabacc Commercial) with actual knowledge of Plaintiff SCI's pre-existing SABACC brand video playing-card game.

110.    Upon information and belief, Defendants have made, and will continue to make, substantial profits and gain from the use of the term "Sabacc" in their aforementioned nationwide advertising and marketing campaign for the upcoming *Solo* Film (including, without limitation, the Hand of Sabacc Commercial), to which Defendants are not entitled in law or equity.

111.    Upon information and belief, Defendants' acts and conduct complained of herein constitute federal trademark infringement in violation of 15 U.S.C. § 1114.

112.    Plaintiffs have suffered, and will continue to suffer, irreparable harm from Defendants' use of the term "Sabacc" when marketing and promoting the upcoming *Solo* Film (including, without limitation, the Hand of Sabacc Commercial) unless restrained by law.

113.    Plaintiffs have no adequate remedy at law.

1

2

3

## COUNT II

*(Federal Trademark Infringement in Violation of 15 U.S.C. § 1125(a))*

4

5

114.    Plaintiffs repeat and re-allege the allegations in paragraphs 1-113 as though set forth fully herein.

6

7

115.    Count II is for federal trademark infringement in violation of 15 U.S.C. § 1125(a).

8

9

116.    Plaintiff RV is the sole and exclusive owner of the '710 Registration for the SABACC Mark.

10

11

12

13

14

117.    For two years prior to Defendants' aforementioned marketing and promotional activities for the upcoming *Solo* Film (including, without limitation, the Hand of Sabacc Commercial), Plaintiff SCI has been using the SABACC Mark in United States commerce under an exclusive license from Plaintiff RV to market, promote, and sell Plaintiff SCI's SABACC brand video playing-card game.

15

16

118.    The SABACC Mark is inherently distinctive for the goods and services recited in the '710 Registration, and Plaintiff SCI's SABACC brand video playing-card game.

17

18

119.    The SABACC Mark has acquired distinctiveness for the goods and services recited in the '710 Registration, and Plaintiff SCI's SABACC brand video playing-card game.

19

20

120.    Defendants are using the term "Sabacc" in their aforementioned nationwide advertising and marketing campaign for the upcoming *Solo* Film.

21

22

121.    Mr. Glover uses the term "Sabacc" in connection with a playing-card game when promoting the upcoming *Solo* Film.

23

24

122.    Mr. Howard uses the term "Sabacc" in connection with a playing-card game when promoting the upcoming *Solo* Film.

25

123.    Defendants' Hand of Sabacc Commercial depicts a playing-card scene.

26

27

124.    Defendants' Hand of Sabacc Commercial has received widespread and nationwide media coverage, which refers to Defendants.

28

Ren Ventures Ltd., *et al*. v. Lucasfilm  Ltd. LLC, *et al*.: Amended Complaint

125.     Defendants' Hand of Sabacc Commercial was marketed, promoted, and widely viewed on social media platforms, such as Twitter, Instagram, Facebook, as well as on the popular video-sharing and posting platform YouTube.

126.     Defendant Denny's partnership with the Lucasfilm Defendants includes marketing and selling *Solo* Film-themed playing cards at Denny's restaurants throughout the United States.

127.     Based on widespread consumer exposure to Defendants' aforementioned uses of the term "Sabacc" to refer to a playing-card game (including, without limitation, Defendants' Hand of Sabacc Commercial), when consumers encounter Plaintiff SCI's pre-existing SABACC brand video playing-card game in the marketplace, they are likely to mistakenly believe that Defendants are the source of, and/or sponsor or endorse, Plaintiff SCI's SABACC brand video playing-card game, and/or that Defendants, the upcoming *Solo* Film, and/or Defendants' Hand of Sabacc Commercial is/are otherwise associated or connected with Plaintiffs, Plaintiff RV's SABACC Mark, and/or Plaintiff SCI's pre-existing SABACC brand video playing-card game.

128.     Based on widespread consumer exposure to Defendants' aforementioned uses of the term "Sabacc" to refer to a playing-card game (including, without limitation, Defendants' Hand of Sabacc Commercial), when consumers encounter Plaintiff SCI's pre-existing SABACC brand video playing-card game in the marketplace, they are likely to mistakenly believe that Plaintiff SCI and/or Plaintiff RV is/are trading off Defendants' use of the term "Sabacc" in their aforementioned nationwide marketing and promotional campaign for the upcoming *Solo* Film (including, without limitation, Defendants' Hand of Sabacc Commercial) to market and promote Plaintiff SCI's pre-existing SABACC brand video playing-card game.

129.     Based on widespread consumer exposure to Plaintiff SCI's pre-existing SABACC brand video playing-card game, when consumers encounter Defendants' aforementioned uses of the term "Sabacc" in Defendants' nationwide marketing and promotional campaign for the upcoming *Solo* Film (including, without limitation, Defendants' Hand of Sabacc Commercial), consumers are likely to mistakenly believe that Plaintiff SCI and/or Plaintiff RV is/are the source of, and/or sponsors or endorses, the upcoming *Solo* Film and/or Defendants'

Hand of Sabacc Commercial, and/or that Plaintiffs, Plaintiff RV's SABACC Mark, and/or Plaintiff SCI's pre-existing SABACC brand video playing-card game is/are otherwise associated with or connected to Defendants, the upcoming *Solo* Film, and/or Defendants' Hand of Sabacc Commercial.

130.     Plaintiff RV did not authorize or consent to any Defendant using the term "Sabacc" for any purpose.

131.     Plaintiff  RV's '710 Registration placed each Defendant on constructive notice of Plaintiff RV's sole and exclusive rights in and to the SABACC Mark for, among other things, entertainment-related goods and services in the nature of games.

132.     Upon information and belief, Defendants decided to use, and continue using, the term "Sabacc" in their aforementioned nationwide advertising and marketing campaign for the upcoming *Solo* Film (including, without limitation, the Hand of Sabacc Commercial) with actual knowledge of Plaintiff RV's '710 Registration for the SABACC Mark.

133.     Upon information and belief, Defendants decided to use, and continue using, the term "Sabacc" in their aforementioned nationwide advertising and marketing campaign for the upcoming *Solo* Film (including, without limitation, the Hand of Sabacc Commercial) with actual knowledge of Plaintiff SCI's pre-existing SABACC brand video playing-card game.

134.     Upon information and belief, Defendants have made, and will continue to make, substantial profits and gain from the use of the term "Sabacc" in their aforementioned nationwide advertising and marketing campaign for the upcoming *Solo* Film (including, without limitation, the Hand of Sabacc Commercial), to which Defendants are not entitled in law or equity.

135.     Upon information and belief, Defendants' acts and conduct complained of herein constitute federal trademark infringement in violation of 15 U.S.C. § 1125(a).

136.     Plaintiffs have suffered, and will continue to suffer, irreparable harm from Defendants' use of the term "Sabacc" when marketing and promoting the upcoming *Solo* Film (including, without limitation, the Hand of Sabacc Commercial) unless restrained by law.

137.     Plaintiffs have no adequate remedy at law.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## COUNT III

*(Federal Unfair Competition in Violation of 15 U.S.C. § 1125(a))*

138.    Plaintiffs repeat and re-allege the allegations in paragraphs 1-137 as though set forth fully herein.

139.    Count III is for federal unfair competition in violation of 15 U.S.C. § 1125(a).

140.    Plaintiff RV is the sole and exclusive owner of the '710 Registration for the SABACC Mark.

141.    For two years prior to Defendants' aforementioned marketing and promotional activities for the upcoming *Solo* Film (including, without limitation, the Hand of Sabacc Commercial), Plaintiff SCI has been using the SABACC Mark in United States commerce under an exclusive license from Plaintiff RV to market, promote, and sell Plaintiff SCI's SABACC brand video playing-card game.

142.    The SABACC Mark is inherently distinctive for the goods and services recited in the '710 Registration, and Plaintiff SCI's SABACC brand video playing-card game.

143.    The SABACC Mark has acquired distinctiveness for the goods and services recited in the '710 Registration, and Plaintiff SCI's SABACC brand video playing-card game.

144.    Defendants are using the term "Sabacc" in their aforementioned nationwide advertising and marketing campaign for the upcoming *Solo* Film.

145.    Mr. Glover uses the term "Sabacc" in connection with a playing-card game when promoting the upcoming *Solo* Film.

146.    Mr. Howard uses the term "Sabacc" in connection with a playing-card game when promoting the upcoming *Solo* Film.

147.    Defendants' Hand of Sabacc Commercial depicts a playing-card scene.

148.    Defendants' Hand of Sabacc Commercial has received widespread and nationwide media coverage, which refers to Defendants.

149.    Defendants' Hand of Sabacc Commercial was marketed, promoted, and widely viewed on social media platforms, such as Twitter, Instagram, Facebook, as well as on the popular video-sharing and posting platform YouTube.

Ren Ventures Ltd., *et al*. v. Lucasfilm  Ltd. LLC, *et al*.: Amended Complaint

150.   Defendant Denny's partnership with the Lucasfilm Defendants includes marketing and selling *Solo* Film-themed playing cards at Denny's restaurants throughout the United States.

151.   Based on widespread consumer exposure to Defendants' aforementioned uses of the term "Sabacc" to refer to a playing-card game (including, without limitation, Defendants' Hand of Sabacc Commercial), when consumers encounter Plaintiff SCI's pre-existing SABACC brand video playing-card game in the marketplace, they are likely to mistakenly believe that Defendants are the source of, and/or sponsor or endorse, Plaintiff SCI's pre-existing SABACC brand video playing-card game, and/or that Defendants, the upcoming *Solo* Film, and/or Defendants' Hand of Sabacc Commercial is/are otherwise associated or connected with Plaintiffs, Plaintiff RV's SABACC Mark, and/or Plaintiff SCI's pre-existing SABACC brand video playing-card game.

152.   Based on widespread consumer exposure to Defendants' aforementioned uses of the term "Sabacc" to refer to a playing-card game (including, without limitation, Defendants' Hand of Sabacc Commercial), when consumers encounter Plaintiff SCI's pre-existing SABACC brand video playing-card game in the marketplace, they are likely to mistakenly believe that Plaintiff SCI and/or Plaintiff RV is/are trading off Defendants' use of the term "Sabacc" in their aforementioned nationwide marketing and promotional campaign for the upcoming *Solo* Film (including, without limitation, Defendants' Hand of Sabacc Commercial) to market and promote Plaintiff SCI's pre-existing SABACC brand video playing-card game.

153.   Based on widespread consumer exposure to Plaintiff SCI's pre-existing SABACC brand video playing-card game, when consumers encounter Defendants' aforementioned uses of term "Sabacc" in Defendants' nationwide marketing and promotional campaign for the upcoming *Solo* Film (including, without limitation, Defendants' Hand of Sabacc Commercial), consumers are likely to mistakenly believe that Plaintiff SCI and/or Plaintiff RV is/are the source of, and/or sponsors or endorses, the upcoming *Solo* Film and/or Defendants' Hand of Sabacc Commercial, and/or that Plaintiffs, Plaintiff RV's SABACC Mark, and/or Plaintiff SCI's pre-existing SABACC brand video playing-card game is/are otherwise associated

with or connected to Defendants, the upcoming *Solo* Film, and/or Defendants' Hand of Sabacc Commercial.

154.    Plaintiff RV did not authorize or consent to any Defendant using the term "Sabacc" for any purpose.

155.    Plaintiff  RV's '710 Registration placed each Defendant on constructive notice of Plaintiff RV's sole and exclusive rights in and to the SABACC Mark for, among other things, entertainment-related goods and services in the nature of games.

156.    Upon information and belief, Defendants decided to use, and continue using, the term "Sabacc" in their aforementioned nationwide advertising and marketing campaign for the upcoming *Solo* Film (including, without limitation, the Hand of Sabacc Commercial) with actual knowledge of Plaintiff RV's '710 Registration for the SABACC Mark.

157.    Upon information and belief, Defendants decided to use, and continue using, the term "Sabacc" in their aforementioned nationwide advertising and marketing campaign for the upcoming *Solo* Film (including, without limitation, the Hand of Sabacc Commercial) with actual knowledge of Plaintiff SCI's pre-existing SABACC brand video playing-card game.

158.    Upon information and belief, Defendants have made, and will continue to make, substantial profits and gain from the use of the term "Sabacc" in their aforementioned nationwide advertising and marketing campaign for the upcoming *Solo* Film (including, without limitation, the Hand of Sabacc Commercial), to which Defendants are not entitled in law or equity.

159.    Upon information and belief, Defendants' acts and conduct complained of herein constitute federal unfair competition in violation of 15 U.S.C. § 1125(a).

160.    Plaintiffs have suffered, and will continue to suffer, irreparable harm from Defendants' use of the term "Sabacc" when marketing and promoting the upcoming *Solo* Film (including, without limitation, the Hand of Sabacc Commercial) unless restrained by law.

161.    Plaintiffs have no adequate remedy at law.

1

2

3

## COUNT IV
*(Trademark Infringement in Violation of California Common Law)*

4

5

162.     Plaintiffs repeat and re-allege the allegations in paragraphs 1-161 as though set forth fully herein.

6

7

163.     Count IV is for trademark infringement in violation of the common law of the State of California.

8

9

164.     Plaintiff RV is the sole and exclusive owner of the '710 Registration for the SABACC Mark.

10

11

12

13

14

165.     For two years prior to Defendants' aforementioned marketing and promotional activities for the upcoming *Solo* Film (including, without limitation, the Hand of Sabacc Commercial), Plaintiff SCI has been using the SABACC Mark in United States commerce under an exclusive license from Plaintiff RV to market, promote, and sell Plaintiff SCI's SABACC brand video playing-card game.

15

16

166.     The SABACC Mark is inherently distinctive for the goods and services recited in the '710 Registration, and Plaintiff SCI's SABACC brand video playing-card game.

17

18

167.     The SABACC Mark has acquired distinctiveness for the goods and services recited in the '710 Registration, and Plaintiff SCI's SABACC brand video playing-card game.

19

20

168.     Defendants are using the term "Sabacc" in their aforementioned nationwide advertising and marketing campaign for the upcoming *Solo* Film.

21

22

169.     Mr. Glover uses the term "Sabacc" in connection with a playing-card game when promoting the upcoming *Solo* Film.

23

24

170.     Mr. Howard uses the term "Sabacc" in connection with a playing-card game when promoting the upcoming *Solo* Film.

25

171.     Defendants' Hand of Sabacc Commercial depicts a playing-card scene.

26

27

172.     Defendants' Hand of Sabacc Commercial has received widespread and nationwide media coverage, which refers to Defendants.

28

173.     Defendants' Hand of Sabacc Commercial was marketed, promoted, and widely viewed on social media platforms, such as Twitter, Instagram, Facebook, as well as on the popular video-sharing and posting platform YouTube.

174.     Defendant Denny's partnership with the Lucasfilm Defendants includes marketing and selling *Solo* Film-themed playing cards at Denny's restaurants throughout the United States.

175.     Based on widespread consumer exposure to Defendants' aforementioned uses of the term "Sabacc" to refer to a playing-card game (including, without limitation, Defendants' Hand of Sabacc Commercial), when consumers encounter Plaintiff SCI's pre-existing SABACC brand video playing-card game in the marketplace, they are likely to mistakenly believe that Defendants are the source of, and/or sponsor or endorse, Plaintiff SCI's pre-existing SABACC brand video playing-card game, and/or that Defendants, the upcoming *Solo* Film, and/or Defendants' Hand of Sabacc Commercial is/are otherwise associated or connected with Plaintiffs, Plaintiff RV's SABACC Mark, and/or Plaintiff SCI's pre-existing SABACC brand video playing-card game.

176.     Based on widespread consumer exposure to Defendants' aforementioned uses of the term "Sabacc" to refer to a playing-card game (including, without limitation, Defendants' Hand of Sabacc Commercial), when consumers encounter Plaintiff SCI's pre-existing SABACC brand video playing-card game in the marketplace, they are likely to mistakenly believe that Plaintiff SCI and/or Plaintiff RV is/are trading off Defendants' use of the term "Sabacc" in their aforementioned nationwide marketing and promotional campaign for the upcoming *Solo* Film (including, without limitation, Defendants' Hand of Sabacc Commercial) to market and promote Plaintiff SCI's pre-existing SABACC brand video playing-card game.

177.     Based on widespread consumer exposure to Plaintiff SCI's pre-existing SABACC brand video playing-card game, when consumers encounter Defendants' aforementioned uses of the term "Sabacc" in Defendants' nationwide marketing and promotional campaign for the upcoming *Solo* Film (including, without limitation, Defendants' Hand of Sabacc Commercial), consumers are likely to mistakenly believe that Plaintiff SCI and/or Plaintiff RV

is/are the source of, and/or sponsors or endorses, the upcoming *Solo* Film and/or Defendants' Hand of Sabacc Commercial, and/or that Plaintiffs, Plaintiff RV's SABACC Mark, and/or Plaintiff SCI's pre-existing SABACC brand video playing-card game is/are otherwise associated with or connected to Defendants, the upcoming *Solo* Film, and/or Defendants' Hand of Sabacc Commercial.

178.   Plaintiff RV did not authorize or consent to any Defendant using the term "Sabacc" for any purpose.

179.   Plaintiff  RV's '710 Registration placed each Defendant on constructive notice of Plaintiff RV's sole and exclusive rights in and to the SABACC Mark for, among other things, entertainment-related goods and services in the nature of games.

180.   Upon information and belief, Defendants decided to use, and continue using, the term "Sabacc" in their aforementioned nationwide advertising and marketing campaign for the upcoming *Solo* Film (including, without limitation, the Hand of Sabacc Commercial) with actual knowledge of Plaintiff RV's '710 Registration for the SABACC Mark.

181.   Upon information and belief, Defendants decided to use, and continue using, the term "Sabacc" in their aforementioned nationwide advertising and marketing campaign for the upcoming *Solo* Film (including, without limitation, the Hand of Sabacc Commercial) with actual knowledge of Plaintiff SCI's pre-existing SABACC brand video playing-card game.

182.   Upon information and belief, Defendants have made, and will continue to make, substantial profits and gain from the use of the term "Sabacc" in their aforementioned nationwide advertising and marketing campaign for the upcoming *Solo* Film (including, without limitation, the Hand of Sabacc Commercial), to which Defendants are not entitled in law or equity.

183.   Upon information and belief, Defendants' acts and conduct complained of herein constitute trademark infringement in violation of the common law of the State of California.

184.   Plaintiffs have suffered, and will continue to suffer, irreparable harm from Defendants' use of the term "Sabacc" when marketing and promoting the upcoming *Solo* Film (including, without limitation, the Hand of Sabacc Commercial) unless restrained by law.

185.   Plaintiffs have no adequate remedy at law.

Ren Ventures Ltd., *et al*. v. Lucasfilm  Ltd. LLC, *et al*.: Amended Complaint

1

2

3

## COUNT V

*(Unfair Competition in Violation of California Common Law)*

4

5
186.     Plaintiffs repeat and re-allege the allegations in paragraphs 1-185 as though set forth fully herein.

6

7
187.     Count V is for unfair competition in violation of the common law of the State of California.

8

9
188.     Plaintiff RV is the sole and exclusive owner of the '710 Registration for the SABACC Mark.

10

11

12

13

14
189.     For two years prior to Defendants' aforementioned marketing and promotional activities for the upcoming *Solo* Film (including, without limitation, the Hand of Sabacc Commercial), Plaintiff SCI has been using the SABACC Mark in United States commerce under an exclusive license from Plaintiff RV to market, promote, and sell Plaintiff SCI's SABACC brand video playing-card game.

15

16
190.     The SABACC Mark is inherently distinctive for the goods and services recited in the '710 Registration, and Plaintiff SCI's SABACC brand video playing-card game.

17

18
191.     The SABACC Mark has acquired distinctiveness for the goods and services recited in the '710 Registration, and Plaintiff SCI's SABACC brand video playing-card game.

19

20
192.     Defendants are using the term "Sabacc" in their aforementioned nationwide advertising and marketing campaign for the upcoming *Solo* Film.

21

22
193.     Mr. Glover uses the term "Sabacc" in connection with a playing-card game when promoting the upcoming *Solo* Film.

23

24
194.     Mr. Howard uses the term "Sabacc" in connection with a playing-card game when promoting the upcoming *Solo* Film.

25
195.     Defendants' Hand of Sabacc Commercial depicts a playing-card scene.

26

27
196.     Defendants' Hand of Sabacc Commercial has received widespread and nationwide media coverage, which refers to Defendants.

28

Ren Ventures Ltd., *et al*. v. Lucasfilm  Ltd. LLC, *et al*.: Amended Complaint

197.     Defendants' Hand of Sabacc Commercial was marketed, promoted, and widely viewed on social media platforms, such as Twitter, Instagram, Facebook, as well as on the popular video-sharing and posting platform YouTube.

198.     Defendant Denny's partnership with the Lucasfilm Defendants includes marketing and selling *Solo* Film-themed playing cards at Denny's restaurants throughout the United States.

199.     Based on widespread consumer exposure to Defendants' aforementioned uses of the term "Sabacc" to refer to a playing-card game (including, without limitation, Defendants' Hand of Sabacc Commercial), when consumers encounter Plaintiff SCI's pre-existing SABACC brand video playing-card game in the marketplace, they are likely to mistakenly believe that Defendants are the source of, and/or sponsor or endorse, Plaintiff SCI's pre-existing SABACC brand video playing-card game, and/or that Defendants, the upcoming *Solo* Film, and/or Defendants' Hand of Sabacc Commercial is/are otherwise associated or connected with Plaintiffs, Plaintiff RV's SABACC Mark, and/or Plaintiff SCI's pre-existing SABACC brand video playing-card game.

200.     Based on widespread consumer exposure to Defendants' aforementioned uses of the term "Sabacc" to refer to a playing-card game (including, without limitation, Defendants' Hand of Sabacc Commercial), when consumers encounter Plaintiff SCI's pre-existing SABACC brand video playing-card game in the marketplace, they are likely to mistakenly believe that Plaintiff SCI and/or Plaintiff RV is/are trading off Defendants' use of the term "Sabacc" in their aforementioned nationwide marketing and promotional campaign for the upcoming *Solo* Film (including, without limitation, Defendants' Hand of Sabacc Commercial) to market and promote Plaintiff SCI's pre-existing SABACC brand video playing-card game.

201.     Based on widespread consumer exposure to Plaintiff SCI's pre-existing SABACC brand video playing-card game, when consumers encounter Defendants' aforementioned uses of the term "Sabacc" in Defendants' nationwide marketing and promotional campaign for the upcoming *Solo* Film (including, without limitation, Defendants' Hand of Sabacc Commercial), they are likely to mistakenly believe that Plaintiff SCI and/or Plaintiff RV is/are the

source of, and/or sponsors or endorses, the upcoming *Solo* Film and/or Defendants' Hand of Sabacc Commercial, and/or that Plaintiffs, Plaintiff RV's SABACC Mark, and/or Plaintiff SCI's pre-existing SABACC brand video playing-card game is/are otherwise associated with or connected to Defendants, the upcoming *Solo* Film, and/or Defendants' Hand of Sabacc Commercial.

202.     Plaintiff RV did not authorize or consent to any Defendant using the term "Sabacc" for any purpose.

203.     Plaintiff  RV's '710 Registration placed each Defendant on constructive notice of Plaintiff RV's sole and exclusive rights in and to the SABACC Mark for, among other things, entertainment-related goods and services in the nature of games.

204.     Upon information and belief, Defendants decided to use, and continue using, the term "Sabacc" in their aforementioned nationwide advertising and marketing campaign for the upcoming *Solo* Film (including, without limitation, the Hand of Sabacc Commercial) with actual knowledge of Plaintiff RV's '710 Registration for the SABACC Mark.

205.     Upon information and belief, Defendants decided to use, and continue using, the term "Sabacc" in their aforementioned nationwide advertising and marketing campaign for the upcoming *Solo* Film (including, without limitation, the Hand of Sabacc Commercial) with actual knowledge of Plaintiff SCI's pre-existing SABACC brand video playing-card game.

206.     Upon information and belief, Defendants have made, and will continue to make, substantial profits and gain from the use of the term "Sabacc" in their aforementioned nationwide advertising and marketing campaign for the upcoming *Solo* Film (including, without limitation, the Hand of Sabacc Commercial), to which Defendants are not entitled in law or equity.

207.     Upon information and belief, Defendants' acts and conduct complained of herein constitute unfair competition in violation of the common law of the State of California.

208.     Plaintiffs have suffered, and will continue to suffer, irreparable harm from Defendants' use of the term "Sabacc" when marketing and promoting the upcoming *Solo* Film (including, without limitation, the Hand of Sabacc Commercial) unless restrained by law.

209.     Plaintiffs have no adequate remedy at law.

Ren Ventures Ltd., *et al*. v. Lucasfilm  Ltd. LLC, *et al*.: Amended Complaint

1

2

3

<div align="center">

**COUNT VI**

*(Unfair Competition in Violation of CAL. BUS. & PROF. CODE § 1720 et seq.)*

</div>

4      210.    Plaintiffs repeat and re-allege the allegations in paragraphs 1-209 as though set

5   forth fully herein.

6      211.    Count VI is for unfair competition in violation of CAL. BUS. & PROF. CODE

7   § 17200 *et seq*.

8      212.    Plaintiff RV is the sole and exclusive owner of the '710 Registration for the

9   SABACC Mark.

10      213.    For two years prior to Defendants' aforementioned marketing and promotional

11   activities for the upcoming *Solo* Film (including, without limitation, the Hand of Sabacc

12   Commercial), Plaintiff SCI has been using the SABACC Mark in United States commerce under

13   an exclusive license from Plaintiff RV to market, promote, and sell Plaintiff SCI's SABACC

14   brand video playing-card game.

15      214.    The SABACC Mark is inherently distinctive for the goods and services recited in

16   the '710 Registration, and Plaintiff SCI's SABACC brand video playing-card game.

17      215.    The SABACC Mark has acquired distinctiveness for the goods and services

18   recited in the '710 Registration, and Plaintiff SCI's SABACC brand video playing-card game.

19      216.    Defendants are using the term "Sabacc" in their aforementioned nationwide

20   advertising and marketing campaign for the upcoming *Solo* Film.

21      217.    Mr. Glover uses the term "Sabacc" in connection with a playing-card game when

22   promoting the upcoming *Solo* Film.

23      218.    Mr. Howard uses the term "Sabacc" in connection with a playing-card game

24   when promoting the upcoming *Solo* Film.

25      219.    Defendants' Hand of Sabacc Commercial depicts a playing-card scene.

26      220.    Defendants' Hand of Sabacc Commercial has received widespread and

27   nationwide media coverage, which refers to Defendants.

28

1

2        221.    Defendants' Hand of Sabacc Commercial was marketed, promoted, and widely

3 viewed on social media platforms, such as Twitter, Instagram, Facebook, as well as on the popular

4 video-sharing and posting platform YouTube.

5        222.    Defendant Denny's partnership with the Lucasfilm Defendants includes

6 marketing and selling *Solo* Film-themed playing cards at Denny's restaurants throughout the

7 United States.

8        223.    Based on widespread consumer exposure to Defendants' aforementioned uses of

9 the term "Sabacc" to refer to a playing-card game (including, without limitation, Defendants'

10 Hand of Sabacc Commercial), when consumers encounter Plaintiff SCI's pre-existing SABACC

11 brand video playing-card game in the marketplace, they are likely to mistakenly believe that

12 Defendants are the source of, and/or sponsor or endorse, Plaintiff SCI's pre-existing SABACC

13 brand video playing-card game, and/or that Defendants, the upcoming *Solo* Film, and/or

14 Defendants' Hand of Sabacc Commercial is/are otherwise associated or connected with Plaintiffs,

15 Plaintiff RV's SABACC Mark, and/or Plaintiff SCI's pre-existing SABACC brand video playing-

16 card game.

17        224.    Based on widespread consumer exposure to Defendants' aforementioned uses of

18 the term "Sabacc" to refer to a playing-card game (including, without limitation, Defendants'

19 Hand of Sabacc Commercial), when consumers encounter Plaintiff SCI's pre-existing SABACC

20 brand video playing-card game in the marketplace, they are likely to mistakenly believe that

21 Plaintiff SCI and/or Plaintiff RV is/are trading off Defendants' use of the term "Sabacc" in their

22 aforementioned nationwide marketing and promotional campaign for the upcoming *Solo* Film

23 (including, without limitation, Defendants' Hand of Sabacc Commercial) to market and promote

24 Plaintiff SCI's pre-existing SABACC brand video playing-card game.

25        225.    Based on widespread consumer exposure to Plaintiff SCI's pre-existing

26 SABACC brand video playing-card game, when consumers encounter Defendants'

27 aforementioned uses of the term "Sabacc" in Defendants' nationwide marketing and promotional

28 campaign for the upcoming *Solo* Film (including, without limitation, Defendants' Hand of Sabacc

Commercial), consumers are likely to mistakenly believe that Plaintiff SCI and/or Plaintiff RV

is/are the source of, and/or sponsors or endorses, the upcoming *Solo* Film and/or Defendants' Hand of Sabacc Commercial, and/or that Plaintiffs, Plaintiff RV's SABACC Mark, and/or Plaintiff SCI's pre-existing SABACC brand video playing-card game is/are otherwise associated with or connected to Defendants, the upcoming *Solo* Film, and/or Defendants' Hand of Sabacc Commercial.

226.    Plaintiff RV did not authorize or consent to any Defendant using the term "Sabacc" for any purpose.

227.    Plaintiff RV's '710 Registration placed each Defendant on constructive notice of Plaintiff RV's sole and exclusive rights in and to the SABACC Mark for, among other things, entertainment-related goods and services in the nature of games.

228.    Upon information and belief, Defendants decided to use, and continue using, the term "Sabacc" in their aforementioned nationwide advertising and marketing campaign for the upcoming *Solo* Film (including, without limitation, the Hand of Sabacc Commercial) with actual knowledge of Plaintiff RV's '710 Registration for the SABACC Mark.

229.    Upon information and belief, Defendants decided to use, and continue using, the term "Sabacc" in their aforementioned nationwide advertising and marketing campaign for the upcoming *Solo* Film (including, without limitation, the Hand of Sabacc Commercial) with actual knowledge of Plaintiff SCI's pre-existing SABACC brand video playing-card game.

230.    Upon information and belief, Defendants have made, and will continue to make, substantial profits and gain from the use of the term "Sabacc" in their aforementioned nationwide advertising and marketing campaign for the upcoming *Solo* Film (including, without limitation, the Hand of Sabacc Commercial), to which Defendants are not entitled in law or equity.

231.    Upon information and belief, Defendants' acts and conduct complained of herein are unlawful in violation of CAL. BUS. & PROF. CODE § 17200 *et seq.* because such acts and conduct violate Sections 32 and 43(a) of the Lanham Act, respectively.

232.    Upon information and belief, Defendants' acts and conduct complained of herein are unfair in violation of CAL. BUS. & PROF. CODE § 17200 *et seq.* because such acts and conduct

are likely to deceive and/or mislead consumers as to the source, origin, sponsorship, approval, and/or affiliation of goods and services offered under Plaintiff RV's SABACC Mark (including, for example, Plaintiff SCI's pre-existing SABACC brand video playing-card game) and/or Defendants' nationwide advertising and marketing campaign for the upcoming *Solo* Film (including, without limitation, Defendants' Hand of Sabacc Commercial).

233.     Plaintiffs have suffered, and will continue to suffer, irreparable harm from Defendants' use of the term "Sabacc" when marketing and promoting the upcoming *Solo* Film (including, without limitation, the Hand of Sabacc Commercial) unless restrained by law.

234.     Plaintiffs have no adequate remedy at law.

## PRAYER FOR RELIEF

**WHEREFORE**, based on the foregoing, Plaintiffs pray for judgment against Defendants as follows:

A.     A Declaration that Defendants, by their actions alleged herein, have infringed Plaintiffs' SABACC Mark in violation of the U.S. Trademark Act, and California Common law;

B.     A Declaration that Defendants, by their actions alleged herein, have engaged in unfair competition in violation of the U.S. Trademark Act, and California common and statutory law;

C.     An Order preliminarily and permanently enjoining and restraining Defendants, their parents, subsidiaries, divisions, branches, affiliates, predecessors or successors-in-interest, and any entities acting or purporting to act for or on behalf of any of the foregoing, including any agents, employees, representatives, officers, directors, servants, and partners, and those persons in active concert or participation with Defendants, from manufacturing, producing, publishing, distributing, supplying, licensing, using, copying, reproducing, advertising, promoting, displaying, offering for sale, selling, and/or otherwise exploiting any good or service bearing any word, term, name, symbol, combination thereof, and/or any other designation, identical or confusingly similar to Plaintiffs' SABACC Mark;

Ren Ventures Ltd., *et al*. v. Lucasfilm  Ltd. LLC, *et al*.: Amended Complaint

D.      An Order directing Defendants to remove, and permanently refrain from using, the term "Sabacc," and any other colorable imitation(s) of Plaintiffs' SABACC Mark, from all of Defendants' goods and services, as well as any other web sites or promotional materials, whether electronic, printed or otherwise, under Defendants' direct or indirect dominion or control;

E.      An Order, pursuant to 15 U.S.C. § 1118, directing the seizure, delivery and destruction of each good and service within Defendants' possession, custody or control that creates a likelihood of confusion with Plaintiffs, Plaintiffs' SABACC Mark, and/or Plaintiff SCI's pre-existing SABACC brand video playing-card game;

F.      An Order requiring Defendants to account for and pay over to Plaintiffs: (i) any and all profits directly and proximately derived by Defendants from their acts and conduct complained of herein (including, without limitation, Defendants' Hand of Sabacc Commercial), and (ii) all damages directly and proximately sustained by Plaintiffs as a result of Defendants' acts and conduct complained of herein (including, without limitation, Defendants' Hand of Sabacc Commercial), in amounts to be determined at trial;

G.      A Declaration that Defendants' acts and conduct complained of herein are "exceptional" within the meaning of 15 U.S.C. § 1117, and awarding Plaintiffs their reasonable costs and attorneys' fees based thereon;

H.      An Order awarding Plaintiffs statutory and punitive damages;

I.      An Order awarding Plaintiffs pre-judgment interest; and

J.      An Order awarding Plaintiffs any further relief this Court shall deem just and equitable.

## JURY DEMAND

Pursuant to Rules 38(b) and 38(c) of the Federal Rules of Civil Procedure, Plaintiffs request a trial by jury for all issues so triable.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Dated: May 11, 2018                           Respectfully submitted,
         San Francisco, California

                                          HUNTON ANDREWS KURTH LLP

                                          By: */s/ Shannon S. Broome*
                                            Shannon S. Broome (SBN 150119)
                                            50 California Street, Suite 1700
                                            San Francisco, California 94111
                                            Tel.: (415) 975-3700
                                            Fax.: (415) 975-3701
                                            Sbroome@HuntonAK.com

                                            James E. Rosini (to apply *pro hac vice*)
                                            Jonathan W. Thomas (to apply *pro hac vice*)
                                            One Broadway
                                            New York, New York 10004
                                            Tel.: (212) 908-6169
                                          Fax.: (212) 425-528
                                            JRosini@HuntonAK.com
                                            JThomas@HuntonAK.com

                                            *Counsel for all Plaintiffs*

Ren Ventures Ltd., *et al*. v. Lucasfilm  Ltd. LLC, *et al*.: Amended Complaint

33